IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| MILDRED CHRISTINA LINSENBACH, | * | Chapter 13 |
| Debtor | * | |
| | * | |
| MILDRED CHRISTINA LINSENBACH, | * | |
| Plaintiff | * | Case No.: 1-12-bk-03228-MDF |
| | * | |
| v. | * | Adversary No.: 1-12-ap-00172-MDF |
| | * | |
| | * | |
| WELLS FARGO BANK | * | |
| d/b/a WELLS FARGO, | * | |
| Defendant | * | |

## OPINION[1]

Before the Court is the motion of Wells Fargo Bank ("Wells Fargo" or the "Bank") requesting the Court to dismiss a Complaint filed by Mildred C. Linsenbach ("Debtor") on the basis that the Complaint fails to state a claim upon which relief can be granted. In her Complaint, Debtor alleges that the Bank violated the automatic stay as well as the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S. § 2270.1 et seq.[2] and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("PUTPCPL"), 73 P.S. § 201-1 et seq. Debtor also alleges that Debtor is a representative plaintiff of a class injured by the actions of Wells Fargo. For the reasons set forth below, Wells Fargo's motion to dismiss will be granted.

---

[1]Drafted with the assistance of Vera Kanova, Judicial Extern, Juris Doctor Candidate 2013, The Pennsylvania State University - Dickinson School of Law.

[2]Debtor referred to the FCEUA as the "Pennsylvania Fair Trade Extension Uniformity Act," but the statutory reference in the Complaint was to FCEUA. Therefore, the Court assumes that Debtor is asserting claims under the Fair Credit Extension Uniformity Act.

## II. Procedural History

Debtor filed a Chapter 13 bankruptcy petition on May 30, 2012 and the within adversary proceeding on June 11, 2012. On July 11, 2012, Wells Fargo filed its motion dismiss Debtor's Complaint for failure to state a claim upon which relief can be granted. Wells Fargo filed a declaration by its counsel Jon C. Sirlin ("Sirlin") with exhibits in support of the motion. On August 8, 2012, the Court issued an order directing Debtor to file an answer to the motion to dismiss and a brief in support of the answer by August 29, 2012. On August 30, 2012, Debtor filed an answer to Wells Fargo's motion to dismiss, but did not file a brief.

## III. Background

As set forth in Sirlin's declaration, on May 24, 2012, Capital One Bank ("Capital One") caused Wells Fargo to be served with a writ of execution and attachment under the Pennsylvania Rules of Civil Procedure.[3] In a letter dated May 25, 2012, Wells Fargo advised Debtor that the Bank had been served with a writ of execution attaching her account.[4] Debtor was notified that she would receive her $300 statutory exemption under Pennsylvania law and that the balance of the account, $869.82, would be held subject to the attachment. On May 29, 2012, Debtor filed a voluntary Chapter 13 petition. Debtor notified Wells Fargo of the bankruptcy filing on May 30, 2012 by fax sent to several Wells Fargo locations. No evidence was presented, however, that Debtor notified Capital One of her bankruptcy filing, nor did Debtor request Capital One to

---

[3]The original writ was dated April 19, 2012 and addressed to Wells Fargo's predecessor, Wachovia Bank. The copy attached as an exhibit to Wells Fargo's motion states that the writ was reissued.

[4]In a letter dated June 6, 2012, attached as Exhibit C to the Complaint, Debtor's counsel stated that the correspondence from Wells Fargo to Debtor enclosing a copy of the writ was dated June 4, 2012. However, a copy of the same letter attached to the Complaint as Exhibit D is dated May 25, 2012.

2

direct Wells Fargo to release the garnishment. Debtor also placed phone calls to Wells Fargo's Legal Processing Department and the branch manager of the Hershey branch on June 7 and 8, 2012 notifying the Bank of the filing of her petition.

On June 8, 2012, Debtor filed the within Complaint against Wells Fargo. Capital One, the creditor that caused the writ of execution to be issued, was not named as a defendant. On June 11, 2012, counsel for Wells Fargo received from counsel for Capital One a letter dated June 7, 2012 enclosing an unsigned copy of a praecipe to settle and discontinue the garnishment as to Wells Fargo. The same day counsel for Wells Fargo notified the Bank to release the garnishment.[5]

### III. Discussion

*A. Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)*

Under Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." In deciding a motion to dismiss under Rule 12(b)(6), a court must treat the facts alleged in the complaint as true, construe the complaint in the light most favorable to the non-moving party, draw all reasonable inferences that can be drawn therefrom in favor of the non-moving party, and ask whether, under any reasonable reading of the complaint, the non-moving party may be entitled to relief. *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1410 (3d Cir.), *cert. denied*, 111 S. Ct. 2839 (1991).

---

[5]In Debtor's answer to the Complaint she states that the garnishment was released on July 11, 2012. Wells Fargo does not state precisely when the funds were released, but implies that they were released on June 11. It is not necessary for the Court to resolve this discrepancy to rule on Wells Fargo's motion to dismiss.

In order to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal,* 129 S. Ct. at 1948-49. Although a complaint need only consist of a "short and plain statement of the claim showing that the pleader is entitled to relief," to survive a motion to dismiss, the complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 129 S. Ct. at 1949 (quoting *Twombly,* 550 U.S. at 555).

*Iqbal* established a two-step process to determine whether relief should be granted under Rule 12(b)(6). First, a court must identify pleadings that are conclusory and, therefore, not entitled to a presumption of truth. Second, a court must assume that well-pleaded factual allegations are true. Examining the factual allegations alone, the court must then determine whether those allegations give rise to a plausible claim for relief.

### B. Count I – Violation of the Automatic Stay

Upon filing a bankruptcy petition, a stay arises under Section 362(a) of the Bankruptcy Code. 11 U.S.C. §362(a). If an individual is injured "by any willful violation of a stay" she is entitled to recover actual damages and, "in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k). To demonstrate that there has been a violation of the stay, a debtor must show that: (1) the action taken by the "offending party" was in violation of the automatic stay; (2) the action taken was willful; and (3) the violation caused actual damages. *See In re Miller,* 447 B.R. 425, 433 (Bankr. E.D. Pa. 2011); *In re Frankel,* 391 B.R. 266, 271

4

(Bankr. M.D. Pa. 2008). Here, Debtor alleges that Wells Fargo violated the stay by serving as Capital One's agent in the collection of a prepetition debt and by refusing to release the funds garnished by Capital One before Debtor filed her petition. The undisputed facts do not support the first allegation, and the second allegation is incorrect as a matter of law.

On May 25, 2012, Wells Fargo sent to Debtor a letter explaining that her bank account had been garnished the prior day. The letter advised her that certain amounts in her account were being held under the writ and that a check for the amount of her exemption under Pennsylvania law was enclosed. Wells Fargo enclosed a copy of the writ attaching Debtor's account and suggested that she contact her attorney. Debtor's counsel contacted Wells Fargo several times demanding access to the remaining funds, but there is no allegation in the Complaint that Debtor contacted the judgment creditor, Capital One, to obtain a release of the garnishment.

Debtor does not specify which provisions in § 362(a) Wells Fargo is alleged to have violated. One possible basis is § 362(a)(1). The filing of a bankruptcy petition stays "the commencement or continuation, including the issuance of employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case . . . , or to recover a claim against the debtor that arose before the commencement of the case. . . ." 11 U.S.C. § 362(a)(1). The continuation of a garnishment action to collect a debt that arose before the bankruptcy filing is subject to the stay. *Myers v. Miracle Finance, Inc. (In re Myers)*, 402 B.R. 370, 372 (Bankr. M.D. Ala. 2008). Unlike Pennsylvania, many states permit judgment creditors to garnish a debtor's wages, which would provide for a continuing deduction from a debtor pay check until the judgment was satisfied. In this case, there was no continuing garnishment, thus no violation of § 362(a)(1). All

funds garnished had been deposited in Debtor's Wells Fargo account before she filed her bankruptcy petition.

Without identifying the provision, Debtor implies that the actions of Wells Fargo violated § 362(a)(3), which operates as a stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). The failure of Wells Fargo to immediately release the funds has been characterized by Debtor as a violation of the automatic stay.

Debtor's assertion is incorrect as a matter of law. First, Wells Fargo was not acting as the agent of Capital One, as alleged by Debtor. Wells Fargo is not a creditor and has not attempted to collect a debt; it is a garnishee. Debtor fails to distinguish between the actions that a creditor may be required to take in response to the filing of a bankruptcy petition and those required of a garnishee. Under Pennsylvania law, service of a writ attaches a debtor's property that is in the possession of the garnishee. Pa. R. Civ. P. 3111(b). Following service of a writ of execution on a garnishee, a judicial lien arises in favor of the creditor/garnishor that is perfected on the date of service of the writ. *See In re R.H.R. Mechanical Contractors, Inc.*, 356 B.R. 202, 210 (Bankr. E.D. Pa. 2006). Service of the writ subjects the garnishee to injunctive orders of the writ restraining the garnishee from turning over the debtor's property – in this case, the funds on deposit – to the debtor. Pa. R. Civ. P. 3111(c). The writ was served on Wells Fargo before Debtor filed her petition. If the Bank had released the funds in the account to Debtor before she filed for bankruptcy it would have been liable for contempt and required to pay the amount on deposit to

6

Capital One. Pa. R. Civ. P. 3111(d). [6] Wells Fargo's refusal to release the funds until authorized by Capital One was required under Pennsylvania law.

Debtor's specific allegation that the May 25 letter to Debtor "was an attempt to collect an alleged debt for a consumer transaction" demonstrates a misunderstanding of Wells Fargo's role as a garnishee. The letter sent to Debtor pre-petition was in compliance with a judgment creditor's duty under Pennsylvania law to forward promptly a copy of the writ to the judgment debtor. *See* Pa. R. Civ. P. 3140(a). The letter simply explained why a freeze had been placed on Debtor's account and recommended that she contact her attorney. By sending the May 25 letter, Wells Fargo was not acting as an agent for the judgment creditor.

The Court concludes that Debtor's counsel focused his efforts on Wells Fargo to obtain a release of the account, rather than Capital One, because he incorrectly assumed that Wells Fargo was the agent of Capital One. The distinction between the actions required by the garnishing creditor and the garnishee is discussed in *In re St. Vincent*, No. 10-B-76188, 2011 WL 1258479 (Bankr. N.D. Ill. April 1, 2011). In *St. Vincent*, a judgment creditor issued a citation on Chase Bank to discover debtors' assets, the process authorized under Illinois state law to enforce a judgment against third parties. In response to the citation, the bank placed an administrative hold on the debtors' bank account. Thereafter, the debtors filed their bankruptcy petition. The debtors' counsel notified the judgment creditor's attorney of the bankruptcy filing and demanded that it

---

[6]The Pennsylvania Supreme Court has held that "the public policy of Pennsylvania prohibits a garnishee bank with notice of a judgment order from engaging in transactions with the judgment debtor that it knows or should know will facilitate the judgment debtor in attempts to avoid the lawful garnishment of its assets." *Witco Corp. v. Herzog Bros. Trucking, Inc.*, 580 Pa. 628, 641, 863 A.2d 443, 451 (2004).

compel Chase Bank to release the account. Counsel also notified Chase Bank of the bankruptcy filing and demanded it release the debtors' funds. Chase initially refused to release the funds without a court order, but after the judgment creditor obtained an order dismissing the citation proceeding, Chase lifted the hold placed on the debtors' account.

The debtors in *St. Vincent* argued Chase Bank's refusal to release the funds in the account violated the automatic stay. The bankruptcy court observed that Chase Bank was not pursuing a judicial action against the debtors and, to the contrary, was "an involuntary *respondent* to the citation proceedings. It neither commenced the proceedings nor had any power to stop them." *Id*. at *2 (emphasis in original). Here, Debtor alleges that Wells Fargo was attempting to collect a debt for Capital One when it failed to release the account immediately upon demand. But plainly, this is not what occurred. Wells Fargo was complying with the order of a state court and returned the funds to Debtor once Capital One released the attachment.

Even as to judgment creditors, courts are split on the issue of whether the automatic stay requires a creditor holding a debtor's property seized pre-petition to initiate turn over of a debtor's property. Some courts require immediate surrender of the property, others permit the creditor to seek relief from the stay or move for adequate protection. *Compare In re Giles*, 271 B.R. 903 (Bankr. M.D. Fla. 2002) (holding that if a creditor's lien may be destroyed when collateral is released, creditor must be provided with adequate protection), *and Miller v. Montgomery Kolodny Amatuzio Dusbabek ( In re Miller)*, 2011 WL 6217342, *3 (Bankr. D. Colo. December 14, 2011) (holding that "the better view" is that creditor may refuse to release garnished funds to protect lien rights without violating automatic stay), *with Bank of America v. Adomah (In re Adomah)*, 368 B.R. 134, 139 (E.D.N.Y. 2007) (holding that garnishee bank was

8

under a duty to immediately release funds claimed as exempt), *and Roche v. Pep Boys, Inc. (In re Roche)*, 361 B.R. 615, 621-22 (Bankr. N.D. Ga. 2005) (holding that garnishing creditor has an affirmative duty to release pre-petition garnishment).

This Court believes that the view of the *Miller* and *Giles* courts is the correct one. As the court stated in *Giles*, "[t]he right of adequate protection cannot be rendered meaningless by an interpretation of § 362(a)(3). . . that would compel turnover even before an opportunity for the court's granting adequate protection." *Giles*, 271 B.R. at 906–07 (citing *In re Bernstein*, 252 B.R. 846, 850 (Bankr. D. D.C. 2000)(internal quotation omitted)). The bankruptcy court in *Giles* relied on the Supreme Court's reasoning in *Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 116 S. Ct. 286, (1995), in which the debtor asserted that an administrative hold placed on an account by the bank, which was seeking to exercise setoff rights, violated the automatic stay. The Supreme Court observed that the freeze on a debtor's account took nothing from the debtor and protected the rights of the bank. A bank account does not "consist[ ] of money belonging to the depositor and held by the bank." *Id*. at 21, 116 S. Ct. at 290. It is "nothing more or less than a promise to pay, from the bank to the depositor." *Id*. A debtor's right to payment is an asset, but a temporary refusal to pay is not a violation of the automatic stay. *See also In re Perdew,* 227 B.R. 865, 868 (Bankr. S.D. Ind. 1998) ("neither the imposition of the hold on the Debtor's account, nor the Bank's inability to remove the hold" within seven days of Debtor's filing of a bankruptcy petition was a violation of the automatic stay) (citing *Strumpf*).

In the within case, Wells Fargo's refusal to release the garnishment preserved the rights of both Capital One and Debtor. Well Fargo's refusal to release the garnishment without the consent of Capital One or a court order directing release of the funds was not a willful violation

9

of the automatic stay. Accordingly, Debtor's motion for damages for violation of the automatic stay will be dismissed.

>   C.   Count II - Claims under the Pennsylvania Fair Credit Extension Uniformity Act and the Pennsylvania Unfair Trade Practices and Consumer Protection Law

Debtor's claims for violation of FCEUA and UTPCPA must be dismissed as well. Debtor's claims under these state statutes are derived from the same actions alleged to have violated the automatic stay. Having found Debtor's claim for violation of the automatic stay to be without merit, I likewise find Debtor's state claims to be baseless.

Even if Debtor had stated a claim for violation of the automatic stay, her state law claims must be dismissed because they are preempted by the Bankruptcy Code. *See In re Chaussee,* 399 B.R. 225, 234 (B.A.P. 9th Cir. 2008) (holding that state law claims for violation of the Bankruptcy Code are preempted); *In re Abramson,* 313 B.R. 195, 197 (Bankr. W.D. Pa. 2004) ("the Bankruptcy Code preempts state law claims that are based upon allegations that the defendant violated the Bankruptcy Code"); *In re Henthorn*, 299 B.R. 351, 354 (Bankr. E.D. Pa. 2003) (Bankruptcy Code preempted claims for violation of UTPCPL)*; In re Brundage*, No. 05-2310, 2005 WL 2206076, at *4 (E.D. Pa. Sept. 9, 2005) ("bankruptcy court was justified in finding federal preemption of [debtor's] claim for treble damages" under UTPCPL); *Diamante v. Solomon & Solomon, P.C.,* No. 1:99CV1339, 2001 WL 1217226, at *2 (N.D.N.Y Sept. 18, 2001) ("the Bankruptcy Code preempts state law claims that are based upon allegations that the defendant violated the Bankruptcy Code").

Here, Debtor claims that Wells Fargo "engaged in an unlawful attempt to collect a consumer debt" and thus violated the Bankruptcy Code's automatic stay provisions. Debtor asserts that by unlawfully attempting to collect a consumer debt, Wells Fargo violated FCEUA

and UTPCPA. Thus, Debtor state law claims are based on alleged violations of the automatic stay provisions of the Bankruptcy Code. Because the Court finds the decisions noted above to be persuasive, the Court holds that Debtor's claims under FCEUA and UTPCPA are preempted by the Bankruptcy Code.

### D. Count III – the Class Action

Debtor has failed to allege a cause of action against Wells Fargo that survived the motion to dismiss; therefore, the issue of whether Debtor is a representative plaintiff of an injured class is moot. Even if Debtor's claims had not been subject to dismissal for failure to state a claim upon which relief can be granted, Debtor failed to properly and sufficiently plead a class action.

Paragraph 25 of Debtor's Complaint states that Debtor is "one of many petitioners in bankruptcy that have received similar notice after having filed Chapter 13 Petitions. Plaintiff's attorney can provide such exhibits upon request to Wells Fargo's corporate counsel, and upon exercise of discovery." This bald assertion fails to meet the pleading requirements of Fed. R. Civ. P. 23.

To plead a class action under Fed. R. Civ. P. 23, a debtor must demonstrate that her cause of action meets all of the following requirements: 1) the class is so numerous that joinder of all members is impracticable; 2) there are questions of law or fact common to the class; 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and 4) the representative parties will fairly and adequately protect the interest of the class. Fed. R. Civ. P. 23(a). *See Rex v. Owens ex rel. State of Okl.,* 585 F.2d 432, 435-36 (10th Cir. 1978) ("A party seeking class action certification must demonstrate, under a strict burden of proof, that all of the requirements of 23(a) are clearly met."). Here, Debtor fails to sufficiently address any of these requirements. Thus,

the Court could not have reasonably inferred that Debtor was a representative of a class allegedly harmed by Wells Fargo. Therefore, Count III of Debtor's Complaint also is dismissed.

### IV. Conclusion

Debtor's Complaint is dismissed for failure to state a claim upon which relief may be granted. Count I of Debtor's Complaint is dismissed because Debtor's claim that Wells Fargo violated § 362(a) of the Bankruptcy Code is insufficient as a matter of law. Count II of Debtor's Complaint is dismissed because Debtor failed to assert any basis for a state law claim other than a violation of the automatic stay, which the Court determined was without merit. Even if the claim for violation of the automatic stay had not been dismissed on the merits, state law claims for violation of the automatic stay are preempted by the Bankruptcy Code. In the absence of an underlying substantive claim against Wells Fargo, Count III of Debtor's Complaint asserting a class action is dismissed.

An appropriate order will be entered.

**By the Court,**

_Mary D France_
Chief Bankruptcy Judge

Date: November 5, 2012